

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00202-CV

**3KNR VENTURES LLC**,
Appellant

v.

**CITY OF LIVE OAK, TEXAS**,
Appellee

From the Municipal Court, Bexar County, Texas
Trial Court No. 01915
Honorable Ed Phillips, Judge Presiding

PER CURIAM

Sitting:     Lori I. Valenzuela, Justice
             Lori Massey Brissette, Justice
             Adrian A. Spears II, Justice

Delivered and Filed: August 5, 2026

DISMISSED FOR LACK OF JURISDICTION

Appellant 3KNR Ventures LLC challenges a nuisance abatement order issued by the municipal court of the City of Live Oak. For the following reasons, we dismiss the appeal for lack of jurisdiction.

In the underlying lawsuit, appellee the City of Live Oak ("the City"), sought to abate what it described as a public nuisance on property now owned by 3KNR. On May 2, 2025, the municipal court signed a "Judgment of Abatement by Demolition Following Consideration of New Owners'

Alternative Abatement Proposal" ("the abatement order"). The municipal court's abatement order permitted the City:

> to abate the public nuisance and public health and safety hazard presented on the said . . . property via demolition or any other method of abatement of the existing structures located thereon and remediate the property to include removal of any and all debris, rubble, trash, and/or junk necessary to completely abate the said public nuisance and eliminate the existing threats to public health and safety—or any such other means of abatement that the said Plaintiff City deems appropriate in its discretion.

The abatement order did not include unequivocal finality language, and it did not explicitly address the City's requests for civil penalties and attorney's fees.

On June 25, 2025—54 days after the municipal court signed the abatement order—3KNR filed a motion for rehearing and alternative motion to sever. On July 11, 2025, the buildings on the subject property were demolished pursuant to the abatement order.

On February 9, 2026, the municipal court signed an order finding that the abatement order was a final order, that 3KNR did not timely appeal the abatement order, and that the court lacked plenary power to consider 3KNR's motion for rehearing and motion to sever.

On March 10, 2026, 3KNR filed a notice of appeal from both the abatement order and the municipal court's February 9, 2026 order. 3KNR appealed directly to this court, even though the Texas Government Code provides that "[t]he county courts at law of Bexar County have jurisdiction over an appeal" from the municipal courts of record of the City of Live Oak. TEX. GOV'T CODE § 30.01724; *see also id.* at § 30.01721.

On April 6, 2026, the City filed a motion to dismiss this appeal for lack of jurisdiction, arguing that 3KNR did not timely file a notice of appeal. On April 14, 2026, 3KNR filed a response to the City's motion to dismiss.

On April 21, 2026, we ordered 3KNR to show cause why this appeal should not be dismissed for lack of jurisdiction, either because the notice of appeal was untimely or because the appeal was mooted by the execution of the abatement order. On June 12, 2026, we additionally ordered 3KNR to show cause why this court can properly exercise appellate jurisdiction over an order of the municipal court of the City of Live Oak. Both 3KNR and the City filed written responses to each of our orders.

After reviewing the record and the parties' responses to our orders, we conclude that we must dismiss this appeal for lack of jurisdiction. 3KNR's response to our June 12, 2026 order cites no authority holding that it may appeal an order from the municipal court of the City of Live Oak directly to this court, and we have found none. As noted above, the Texas Government Code unequivocally provides that appellate jurisdiction over such an order belongs to the county courts at law of Bexar County. *See* TEX. GOV'T CODE § 30.01724; *see also id.* at § 30.01721.

Additionally, 3KNR's response to the mootness questions raised in our April 21, 2026 states that this appeal is not moot because 3KNR seeks "an opinion from the Court that the demolition was improper, as required for a takings claim under the Texas or Federal Constitution." But nothing in the appellate record indicates that 3KNR asserted a takings claim or any other constitutional claims in the municipal court litigation that resulted in this appeal. It therefore appears to be asking this court to render an opinion that it can use to support one of the required elements of a takings claim in a future lawsuit.[1] *See Kerr v. Tex. Dep't of Transp.*, 45 S.W.3d 248, 250–51 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (listing elements of takings claim). Because

---

[1] As support for its position on this point, 3KNR relies on the Texas Supreme Court's opinion in *City of Dallas v. Stewart*, 361 S.W.3d 562 (Tex. 2012). In *Stewart*, a residential property was demolished under an order issued by a city administrative board, and the property owner subsequently asserted due process and takings claims when she sought a trial *de novo* in the district court. *Id.* at 565, 567. Unlike 3KNR, the property owner in *Stewart* did not ask the court of appeals to make the initial determination of whether the demolition was wrongful. *Id.* at 565 (noting the property owner's due process and takings claims were tried to a jury). Because *Stewart* is factually and procedurally distinguishable from this case, it does not control the outcome here.

an opinion from this court that the now-completed demolition was improper would do nothing to bind the parties in *this* lawsuit, we conclude that 3KNR seeks a purely advisory opinion that we lack authority to issue. *See Holcomb v. Waller County*, 546 S.W.3d 833, 838 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (opinion is advisory if it "declares the law in the abstract without adjudicating [the parties'] rights in particular or binding [them] to do or refrain from doing anything"); *see also Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("[A] case is moot when the court's action on the merits cannot affect the parties' rights or interests.").

Finally, a timely notice of appeal is necessary to invoke the jurisdiction of an appellate court. *See, e.g.*, *Verbugt v. Donner*, 959 S.W.2d 615, 617 (Tex. 1997). The deadline to file a notice of appeal begins running on the date the trial court signs an appealable judgment or order. TEX. R. APP. P. 26.1; *Wells Fargo Bank, N.A. v. Salter*, No. 04-24-00471-CV, 2025 WL 1392145, at *1 (Tex. App.—San Antonio May 14, 2025, no pet.) (per curiam) (mem. op.). Typically, an order is final and appealable if it disposes of all parties and all claims or if it includes unequivocal language of finality. *See, e.g.*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). However, if the finality of an order or judgment is unclear, a trial court may render a subsequent order clarifying its intent to render a final judgment. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801–02 (Tex. 2020) (per curiam). If the trial court's clarifying order demonstrates "a clear indication that the trial court intended the [original] order to completely dispose of the entire case," then a court of appeals has "no authority to review the record and arrive at a contrary conclusion." *Id.* at 801 (internal quotation marks omitted).

Here, the municipal court's February 9, 2026 order indicated an intent for the abatement order to be a final, appealable order. Under the Texas Supreme Court's analysis in *Bella Palma*, we must give effect to that expression of finality. *See id.* at 801–02. Accordingly, 3KNR's notice

of appeal was due by June 2, 2025, and a motion for extension of time to file the notice of appeal was due by June 17, 2025. TEX. R. APP. P. 26.1, 26.3. Its March 10, 2026 notice of appeal was thus untimely. While 3KNR insists that it had no way of knowing the abatement was order was final prior to the February 9, 2026 clarification, "[a] party who is uncertain whether a judgment is final must err on the side of appealing or risk losing the right to appeal." *Lehmann*, 39 S.W.3d at 196; *see also In re Elizondo*, 544 S.W.3d 824, 827 (Tex. 2018) (orig. proceeding).

For these reasons, we dismiss this appeal for lack of jurisdiction.

PER CURIAM